**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA          )
                                  )
    v.                            )          **Criminal No. 1:11-cr-554**
                                  )
JUBAIR AHMAD                      )

## ORDER

At issue in this matter is Defendant Jubair Ahmad's motion, by counsel, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).  In support of his motion, Defendant contends that there are "extraordinary and compelling"[1] reasons warranting his early release from a 12-year sentence at FDC SeaTac: namely, (1) that COVID-19 has led to abnormally harsh prison conditions; (2) that Defendant is likely to contract COVID-19 because some inmates at FDC SeaTac have contracted COVID-19 and COVID-19 spreads easily in prison; and (3) that Defendant has expressed remorse for his criminal conduct, taken steps in prison to improve himself, and served approximately 92% of his sentence.  Defendant does not have any underlying health conditions that render him particularly susceptible to negative health consequences if he contracts COVID-19.  The government opposes Defendant's release, arguing that Defendant has not established the required extraordinary and compelling reasons to warrant early release.  Because the parties' briefing adequately sets forth the relevant facts and applicable legal framework, oral argument is dispensed with and thus Defendant's motion for compassionate release is now ripe for disposition.

**I.**

Analysis of Defendant's motion for compassionate release properly begins with the PSR's

---

[1] 18 U.S.C. § 3582(c)(1)(A).

summary of Defendant's offense conduct. On or about September 25, 2010, Defendant provided material support to Lashkar-e-Taiba, a foreign terrorist organization, by preparing and uploading an online video to support jihad and the mujahideen. *See* PSR ¶¶ 13, 21–26, 31 (Dkt. 44). Specifically, Defendant, at the direction of Talha Saeed—the son of Lashkar-e-Tabia's leader, Hafiz Muhammad Saeed—prepared and uploaded an online video to YouTube.com titled "Hafiz Muhammad Saeed Qunoot e Nazila Very Emotional." *Id.* ¶ 26. At the time Defendant created and posted this video, Defendant knew that Lashkar-e-Taiba would use Defendant's video and had reason to believe that Lashkar-e-Taiba would use Defendant's video to promote jihad. *See id.* ¶ 28. Indeed, just two years prior to the creation of Defendant's video, Lashkar-e-Tabia launched an attack on Mumbai, India, killing 166 people, including 6 Americans. *See id.* ¶ 9.

On December 2, 2011, Defendant pled guilty to one count of providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. *See* Plea Agreement (Dkt. 42); *see also* Minute Entry (Dkt. 41). On April 13, 2012, Defendant was sentenced to 144 months imprisonment. *See* Judgment (Dkt. 52).[2] Defendant is currently incarcerated at FDC SeaTac and Defendant's release date is November 21, 2021. Defendant, a native of Pakistan, also has a pending Immigration and Customs Enforcement ("ICE") detainer requiring his removal to Pakistan.

On January 12, 2021, Defendant filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking early release from FDC SeaTac and immediate transfer to ICE custody. In support of his motion, Defendant contends that there are extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) warranting such relief: namely, (1) that COVID-19 has led to abnormally harsh prison conditions at FDC SeaTac; (2) that Defendant is likely to contract

---

[2] Defendant was also required to serve five years supervised release. *See id.*

COVID-19 because some inmates at FCI SeaTac have contracted COVID-19 and COVID-19 spreads easily in prison; and (3) that Defendant has expressed remorse for his criminal conduct, taken steps in prison to improve himself, and served approximately 92% of his sentence. The government opposes Defendant's motion, arguing that Defendant has not established the required extraordinary and compelling reasons warranting Defendant's early release from FDC SeaTac and return to Pakistan.

At the time of Defendant's motion on January 11, 2021, there were 111 actives cases of COVID-19 at FDC SeaTac.[3] As of the date of this Order, there are 3 active cases of COVID-19 at FDC SeaTac and 122 inmates at FDC SeaTac have been fully vaccinated to protect against COVID-19.[4]

## II.

As a preliminary matter, the parties agree that Defendant has fully exhausted his administrative remedies, and therefore that Defendant's Motion for Compassionate Release is now ripe for disposition. A defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling" reasons warranting a sentence reduction and (2) that analysis of the § 3553(a) factors also warrants a sentence reduction. 18 U.S.C. § 3582(c). As the Third Circuit has sensibly recognized "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 954, 597 (3d Cir. 2020); *see also United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (citing

---

[3]*See* Def.'s Mot. at 10 (Dkt. 71); *see also* FDC SeaTac, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/set/ (last accessed April 8, 2021) (stating that FDC SeaTac houses 617 total inmates).

[4] *See* COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed April 8, 2021).

*Raia*, 954 F.3d at 597).  Thus, in considering compassionate release motions based on COVID-19, district courts within the Eastern District of Virginia have examined whether a defendant has both (i) a particularized susceptibility to serious health consequences from COVID-19 and (ii) a particularized risk of contracting COVID-19 at his prison facility.  *See, e.g.*, *United States v. White*, -- F. Supp. 3d. --, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020); *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. Apr. 10, 2020); *United States v. Weaver*, No. 1:17-cr-235, 2020 WL 4810123, *2 (E.D. Va. Aug. 18, 2020).

Thus, the first question to address here is whether Defendant faces a particularized risk of more serious health consequences than the average person if he contracts COVID-19.  Here, Defendant admits that he does not have any underlying health conditions and therefore that Defendant is not subject to heighted risk of serious health consequences if he contracts COVID-19.  Thus, Defendant cannot establish the required first element for compassionate release based on COVID-19.  Second, Defendant also has not established that there is a particularized risk of contracting COVID-19 at FDC SeaTac.  In this respect, there are currently only 3 actives cases of COVID-19 at FDC SeaTac, meaning that just five tenths of a percent (.5%) of all inmates at FCI SeaTac currently have COVID-19.  This exceptionally low statistic means that there is little risk that Defendant will contract COVID-19 at FDC SeaTac.  Additionally, Defendant has not explained how transfer to ICE custody will reduce his risk of contracting COVID-19.  *See United States v. Henries*, No. 788, 2020 WL 4727090, at *3 n.4 (D.N.J. Aug. 14, 2020) ("[I]t is not apparent that future custody in an ICE facility. . . would provide [defendant] with a safer environment as it relates to COVID-19."); *see also United States v. Mariano*, No. 14-cr-7, 2020 WL 5026873, at *3 n.1 (W.D. Va. Aug. 25, 2020) (same).  Accordingly, Defendant has not presented extraordinary and compelling reasons warranting his early release and transfer to ICE

custody and therefore Defendant's Motion for Compassionate Release must be denied.

Seeking to avoid the application of this standard two-part test, Defendant argues that his early release is nonetheless warranted because COVID-19 has resulted in abnormally harsh conditions at FDC SeaTac. Specifically, Defendant argues that imprisonment at FCD SeaTac during COVID-19 is an isolating experience, noting that FDC SeaTac, just like other prisons, has contained COVID-19 through mitigation efforts, in this case through lockdowns and by eliminating family visits and phone use. *See, e.g.*, *United States v. Kelley*, 488 F. Supp. 3d 444, 449 (S.D. W. Va. Sep 22, 2020) ("The only detail that Mr. Kelley provides about FCI Danbury is that the facility has been on quarantine lockdown since April . . . [which] indicates that FCI Danbury is working hard to control the spread of COVID-19 within its walls.").[5] Defendant also argues, without particular clarity or any evidentiary support whatsoever, that Defendant's early release is warranted because FDC SeaTac inmates do not have direct access to sunlight. Finally, Defendant argues that his early release is warranted because, in Defendant's view, Defendant was wrongly transferred from a different Bureau of Prisons facility to FDC SeaTac.

These arguments fall far short of satisfying the "extraordinary and compelling" reasons for compassionate release. To begin with, the fact that Defendant's experience at FDC SeaTac may be isolating is hardly extraordinary. Prison is, by design, an isolating experience. The current pandemic has been an isolating experience for all persons in this country. The fact that current prison conditions might possibly be more isolating during COVID-19 is not an adequate basis to release Defendant, who is no different from any other inmate dealing with the same feelings of

---

[5] *See also United States v. Colburn*, -- F. Supp. 3d --, 2021 WL 257133, at *2 (D. Mass Jan. 26, 2021) (internal quotation marks omitted) ("Every prisoner in a BOP facility is currently subjected to onerous conditions due to the COVID-19 pandemic and Giannulli has not explained why he should be given special or unique treatment."); *United States v. Slone*, No. 16-cr-400, 2020 WL 3542196, *2 (E.D. Pa. June 30, 2020) (denying motion for compassionate for release by defendant with asthma who was subject to the "Bureau of Prisons' COVID-19 lockdown model.").

isolation.[6]  Defendant does not contend that Defendant suffers from any particular or diagnosed mental health condition that exacerbates the impact of isolation.  Nor has Defendant made efforts to seek mental health treatment regarding his feelings of isolation.  Moreover, Defendant's dissatisfaction with his designation at FDC SeaTac, which was made prior to COVID-19, is hardly a basis for release.  18 U.S.C. § 3621(b); *see also In re McCall*, 32 F. App'x 80, 81 (4th Cir. 2002) (explaining that § 3621(b) grants the Bureau of Prisons "plenary power to designate [the] place of confinement").  Accordingly, nothing about Defendant's enrollment at FDC SeaTac satisfies the "extraordinary and compelling" standard for compassionate release.

Finally, Defendant argues that early release is warranted because he has taken steps to improve himself in prison, namely, by taking educational classes and by writing a letter to the Court expressing remorse for his criminal conduct.  Defendant's efforts to improve himself are certainly admirable. But nothing about Defendant's behavior or letter provides a basis for compassionate release.  It is not uncommon for a defendant to take educational classes to pass the time in prison, or for a defendant to express remorse for his actions.  Indeed, it is often expected that a defendant will later express remorse for his criminal conduct, especially where, as here, Defendant committed a particularly serious offense [7]  Nor does the approaching conclusion of Defendant's sentence warrant compassionate release, as this is not itself an "extraordinary and compelling" reason for early release.  Accordingly, Defendant has fallen well short of establishing that there are "extraordinary and compelling" reasons warranting his early release or modification of his term of imprisonment.

---

[6] *See United States v. Carrera*, No. 14-CR-0367, 2020 WL 7225997, at *3 (N.D. Tex. Dec. 7, 2020) ("Carrera's alleged mental-health symptoms resulting from isolation . . . [are not] extraordinary and compelling circumstances.").

[7] Defendant's letter is both noteworthy and interesting, assuming, as it is appropriate, that Defendant's letter is genuine and that Defendant's letter accurately conveys his feelings and remorse.  Nonetheless, the letter is not a sound basis for compassionate release here.

## II.

Finally, even assuming *arguendo* that Defendant could establish extraordinary and compelling reasons warranting compassionate release, the § 3553(a) factors nonetheless do not support his release. Defendant committed an extremely serious offense, namely, provision of material support to a designated foreign terrorist organization, a violation of 18 U.S.C. § 2339B. The foreign terrorist organization that Defendant materially supported, Lashkar-e-Taiba, has committed a number of atrocities, including a 2008 attack on Mumbai, India that killed 166 people, including 6 Americans. *See* PSR ¶ 8. Defendant, who produced his video just two years after this deadly attack, knew that Lashkar-e-Taiba would use his video and had reason to believe that Lashkar-e-Taiba would use his video to promote jihad. *See id.* ¶ 28. Although Defendant now expresses great remorse for his actions, this does not alter the fact that Defendant committed a serious offense. There is a strong need to deter others from engaging in similar misconduct, and to impose a sentence that reflects the seriousness of Defendant's offense. *See United States v. Harmon*, 834 F. App'x 101, 102 (5th Cir. 2021) (affirming denial of compassionate release motion where, as here, the defendant did not have "a specific health condition that constituted an extraordinary and compelling reason for compassionate release and [] release was not warranted due to [a] conviction of a serious [] offense"); *United States v. Jaber*, No. 13-cr-485, 2020 WL 5665735, at *4 (S.D.N.Y. Aug. 25, 2020) (denying motion for compassionate release by defendant who pled guilty to providing material support to a designated foreign terrorist organization under 18 U.S.C. § 2339B); *United States v. Abdurahman*, No. 15-49, 2020 WL 5768918, *2 (D. Min. Sep. 28, 2020) (same). Thus, the factors set forth in 18 U.S.C. § 3553(a) support Defendant's continued imprisonment and do not warrant Defendant's early release and/or transfer to ICE custody. Accordingly, Defendant's Motion for Compassionate Release must be denied.

In sum, Defendant's Motion for Compassionate Release must be denied. Defendant has fallen

7

well short of establishing that there are "extraordinary and compelling" reasons warranting his early release or modification of his term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). Additionally, the § 3553(a) factors in this case do not warrant Defendant's early release or modification of his term of imprisonment.

Accordingly,

It is hereby **ORDERED** that Defendant's Motion for Compassionate Release (Dkt. 71) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
April 8, 2021

/s/
S. Ellis, III
United States District Judge

8